# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| RAUL VALDEZ HERNANDEZ, § | | |
| Reg. No. 00901-408, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | EP-19-CV-112-PRM | |
| § | | |
| FCI LA TUNA, § | | |
|     Respondent. § | | |

## ORDER OF DISMISSAL

On this day, the Court considered Petitioner Raul Valdez Hernandez's ["Petitioner"] pro se "Petition for a Writ of Habeas Corpus, Pursuant to the Second Chance Act of 2007, Reauthorized by the First Step Act of December 21, 2018" (ECF No. 1) [hereinafter "Petition"], filed on April 12, 2019, in the above-captioned cause. Therein, Petitioner asks the Court to grant him a sentence reduction. Pet. 1, Apr. 12, 2019, ECF No. 1. After due consideration, the Court is of the opinion that the Petition should be dismissed, for the reasons that follow.

## I. BACKGROUND

Federal Bureau of Investigations ("FBI") special agents identified Petitioner as the main source of methamphetamine in the Yavapai Apache Nation during a 2013 anti-drug initiative. *United States v.*

*Hernandez*, 3:13-CR-8066-DGC-1 (D. Ariz.), United States' Sentencing Mem. 1, August 13, 2014, ECF No. 58.[1]  The FBI special agents worked with a confidential source who purchased methamphetamine from Petitioner on February 5, 2013, for $290.00; on February 12, 2013, for $250.00; on February 18, 2013, for $320.00; and on March 26, 2013, for $480.00.  *Id.*

Petitioner pleaded guilty on May 23, 2014, pursuant to a Plea Agreement, to possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 941(b)(1)(C). *Id.*, J. Crim. Case, Jan. 9, 2015, ECF No. 69.  In the Plea Agreement, the parties stipulated "that the Defendant shall receive a sentence of not less than 10 years, but no greater than 15 years, imprisonment."  *Id.*, Plea Agreement 3, Jan. 5, 2015, ECF No. 71.  The court accepted Petitioner's plea and sentenced him, apparently in accordance with the terms of the Plea Agreement, to 120 months' imprisonment.  *Id.*, J. Crim. Case.

Petitioner is now a prisoner confined at the La Tuna Federal

---

[1] The Court takes judicial notice of the docket and records of Petitioner's conviction in his criminal case.  *See* Fed R. Evid. 201(B)(2) and (c)(1).

Correctional Institution in Anthony, Texas.[2] In his Petition, he asks the Court to reduce his sentence "under the First Step Act's sentencing reform provisions." Pet. 2. Specifically, he "avers" that the Act reduced the "Mandatory Minimum penalties for some drug offenders like him." *Id.* Additionally, Petitioner notes that the Act also "increase[d] the number of offenders eligible for relief" under "Safety Valve." *Id.*

It is not clear whether Petitioner seeks relief through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a motion to modify a sentence pursuant to 18 U.S.C. § 3582, or a pleading pursuant to the First Step Act.

## II. APPLICABLE LAW

### A. 28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the

---

[2] Anthony is in El Paso County, Texas, which is within the territorial limits of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

3

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

During its initial screening of a habeas corpus petition, a reviewing court accepts a petitioner's allegations as true. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Additionally, a reviewing court evaluates a petition presented by a pro se petitioner under a more lenient standard than it would apply to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. foll. § 2254 R. 4; *see id.* R. 1(b) (explaining the Rules Governing § 2254 Cases in the United States District Courts are applicable to § 2241 petitions).

**B.    18 U.S.C. § 3582**

A district court generally may not modify a sentence because "a

judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting § 3582(b)). Nevertheless, under an exception to the general rule in 18 U.S.C. § 3582(c)(2), a court may modify a defendant's sentence "when it is for 'a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Doublin*, 572 F.3d 235, 237 (2009) (quoting 18 U.S.C. § 3582(c)(2)). However, a court may reduce an otherwise final sentence under a Guidelines amendment only if the reduction is consistent with the Sentencing Commission's relevant policy statement—contained in Sentencing Guideline § 1B1.10—and after considering the sentencing factors in 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 821.

The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). "The court may also consider the defendant's post-sentencing conduct in

5

determining whether a reduction is warranted." *United States v. Rios*, 657 F. App'x 255, 258 (5th Cir. 2016) (quoting U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(iii) (U.S. Sentencing Comm'n 2010)).

"These ameliorative amendments to the Guidelines do not create a right to a sentence reduction." *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012). Rather, even if a defendant is eligible, "the decision whether to reduce a sentence is left to the sound discretion of the trial court" and is reviewed "for abuse of discretion only." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).

## III. ANALYSIS

### A. 28 U.S.C. § 2241

Petitioner seeks a sentence reduction "under the Second Chance Act of 2007, which was authorized by the First Step Act of 2018." Pet. 1.

The First Step Act does reauthorize the Second Chance Act. First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, Title V (2018). However, the Second Chance Act, codified at 18 U.S.C. §§ 3621, 3624, increases the duration of pre-release placement in a community corrections center

from six to twelve months and requires the Bureau of Prisons to make an individual determination to ensure that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). The Second Chance Act does not "provide an independent basis for a sentence reduction." *United States v. Lopez*, 624 F. App'x 234, 235 (5th Cir. 2015) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)).

Section 404 of the First Step Act does permit "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act § 404. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). The Fair Sentencing Act modifies the statutory sentencing range only for crack cocaine offenses. *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

Here, the Court presumes that Petitioner seeks a sentence

reduction based on changes to the Fair Sentencing Act, which were authorized by the First Step Act, and not the Second Chance Act. However, Petitioner's conviction is not for a "covered offense." Specifically, Petitioner's conviction is for an offense involving methamphetamine committed after August 3, 2010; therefore, his conviction is not for an offense involving crack cocaine committed before August 3, 2010. Consequently, Petitioner is not eligible for a reduction of his imprisonment term pursuant to amendments to the Fair Sentencing Act.

More importantly, Petitioner has neither alleged nor shown that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Hence, the Court determines that it plainly appears from Petitioner's Petition that he is not entitled to § 2241 relief.

### B.  18 U.S.C. § 3582

Additionally, Petitioner asks the Court to reduce his sentence "under the First Step Act's sentencing reform provisions" on "Safety Valve." Pet. 2. Specifically, he "avers" that the Act "increases the

number of offenders eligible for relief" under "Safety Valve." *Id*. Petitioner suggests that he is an eligible offender.

The "safety valve" provision in 18 U.S.C. § 3553(f) allows "a court to impose a sentence below the statutory minimum if the defendant [meets] five requirements." *United States v. Flanagan*, 80 F.3d 143, 144 (5th Cir. 1996) (citing 18 U.S.C. § 3553(f)). The First Step Act amends the first requirement in § 3553(f). First Step Act § 402(b). Specifically, the Act expands the number of defendants who may receive a sentence without regard to any statutory minimum sentence under "safety valve" if:

> (1) the defendant does not have--
>     (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>     (B) a prior 3-point offense, as determined under the sentencing guidelines; and
>     (C) a prior 2-point violent offense, as determined under the sentencing guidelines . . . .

18 U.S.C. § 3553(f) (as amended).

As noted above, a court may modify a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). *Doublin*, 572 F.3d at 237. But "[b]y its terms, § 3582(c)(2) does not authorize a resentencing proceeding.

9

Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Dillon*, 560 U.S. at 825. "Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence." *Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003); *see also Gonzalez-Balderas*, 105 F.3d at 982 ("[T]he decision whether to reduce a sentence is left to the sound discretion of the trial court").

Consequently, because a court in Arizona imposed Petitioner's sentence, the Court determines that it does not possess the requisite jurisdiction to consider Petitioner's request for a sentence modification. In the alternative, the Court determines that Petitioner's argument that he is entitled to relief under § 3582(c)(2) pursuant to the First Step Act of 2018 is without merit.

A court may modify a defendant's sentence pursuant to § 3582(c)(2) "when it is for 'a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"

*Doublin*, 572 F.3d at 237 (quoting 18 U.S.C. § 3582(c)(2)). Furthermore, a court may reduce an otherwise final sentence under a guidelines amendment only if the reduction is consistent with the Sentencing Commission's relevant policy statement in Sentencing Guideline § 1B1.10, and after considering the sentencing factors in 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 821.

Hence, when the 18 U.S.C. § 3582(c)(2) exception applies, a court uses "a two-step approach." *Id*. at 827. At step one, the court "follow[s] the Commission's instructions in [Sentencing Guideline] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. At step two, a court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Petitioner cannot meet the eligibility requirement of step one. Since the First Step Act's amendments are statutory—and the Sentencing Commission has not yet made any corresponding changes to

11

the Sentencing Guidelines to reflect the changes in the Fair Sentencing Act—the Court may not award Petitioner a two-level safety valve reduction under Sentencing Guidelines §§ 2D1.1(c)(18) and 5C1.2. *Tracy*, 2019 WL 1409841, at *3. Hence, the "safety valve" amendment in the First Step Act, standing alone, "has no implications for a § 3582(c)(2) proceeding," and Petitioner is not entitled to relief. *Cf. United States v. Willard*, 481 F. App'x 915, 917 (5th Cir. 2012) (holding defendant was not entitled to § 3582(c)(2) relief under Fair Sentencing Act).

More importantly, the court sentenced Petitioner on January 9, 2015. *United States v. Hernandez*, 3:13-CR-8066-DGC-1 (D. Ariz.), J. Crim. Case, Jan. 9, 2015, ECF No. 69. The President signed the First Step Act into law on December 21, 2018. Section 402(b) of the Act explicitly states "[t]his section . . . shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*" First Step Act § 402(b) (emphasis added). Because Petitioner's sentence was imposed before the date of the enactment of the Act, Petitioner will never

benefit from the changes to the "safety valve" provision in the First Step Act. Therefore, the Court concludes that it should not transfer this matter to the Arizona Court for further consideration.

C.  **First Step Act**

Lastly, Petitioner generally asks the Court to reduce his sentence "under the First Step Act's sentencing reform provisions." Pet. 2.

In the First Step Act, Congress amended 21 U.S.C. § 841 to reduce the mandatory minimum sentence from 20 to 15 years' imprisonment for some defendants with prior drug convictions,

> by striking "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years" and inserting the following: "If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years."

First Step Act § 401(a)(2)(A)(i). Nevertheless, § 401(c) of the Act makes it clear that this section applies only "if a sentence for the offense has not been imposed as of such date of enactment." *Id*. § 401(c).

Here, Petitioner was not awaiting sentencing in connection with the offenses charged in his criminal case when the Act became effective.

Moreover, he was not sentenced to a mandatory minimum sentence; he was sentenced in accordance with the terms of a plea agreement. *United States v. Hernandez*, 3:13-CR-8066-DGC-1 (D. Ariz.), Plea Agreement 3, Jan. 5, 2015, ECF No. 71. Simply stated, the First Step Act affords no sentencing relief for Petitioner.

## IV. CONCLUSIONS AND ORDERS

Accordingly, the Court concludes that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Additionally, the Court concludes that it does not have the requisite jurisdiction to consider Petitioner's claims pursuant to 18 U.S.C. § 3582.

Accordingly, **IT IS ORDERED** that, because Petitioner Raul Valdez Hernandez's basis for relief is unclear and he was represented by appointed counsel during the criminal proceedings brought against him, all filing fees and costs are **WAIVED**.

**IT IS FURTHER ORDERED** that Petitioner Raul Valdez Hernandez's pro se "Petition for a Writ of Habeas Corpus, Pursuant to the Second Chance Act of 2007, Reauthorized by the First Step Act of December 21, 2018" (ECF No 1) is **DISMISSED WITHOUT**

**PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this **30th day** of **April, 2019**.

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**